IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT DEAN ASBELL, JR.                                                                          PLAINTIFF

v.                                              Civil No. 2:25-CV-02034-TLB-MEF

DEPUTY WHITE,
Crawford County Justice Center ("CCJC");
and CORPORAL BEYERLE                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff, Robert Dean Asbell, Jr., a pretrial detainee at the Crawford County Detention Center ("CCDC"), has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 9). The undersigned previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF No. 12). This case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to United States District Court Judge Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). Upon that review, the undersigned recommends that this matter be dismissed without prejudice for failure to state a plausible claim for relief over which this Court has jurisdiction. *See* 28 U.S.C. § 1915A(b)(1).

### I.     BACKGROUND

On October 15, 2024, when Plaintiff was incarcerated at the CCDC, Defendant White told Defendant Beyerle that Plaintiff was under the influence of methamphetamine, which was a lie.

1

This report led to a "shakedown" of Plaintiff's housing pod and Plaintiff being transported to the emergency room. When he returned from the hospital, Plaintiff was placed in the same housing pod and then confronted by inmates about being under the influence of methamphetamine. According to Plaintiff, Nurse Freddy and Nurse Coleen initially repeated the report that he had been under the influence of methamphetamine, but the next morning, Nurse Coleen told him that she had been misinformed. Plaintiff says that the lie about him being under the influence of methamphetamine could have caused him to be assaulted or killed by other inmates. Plaintiff asserts a claim against Defendants Corporal Beyerle and Deputy White in their individual and official capacities for slander and defamation of character. He requests money damages.

## II.    LEGAL STANDARD

Under the Prisoner Litigation Reform Act ("PLRA"), the Court must review a case initiated by a prisoner prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364

F.3d 912, 915 (8th Cir. 2004). Even so, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. DISCUSSION

Federal courts "are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). There are two primary ways for federal courts to assert jurisdiction—so-called "federal question" jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pr. R. 12(h)(3); *see also Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 739 (1976); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction."). "A plaintiff has the burden of establishing subject matter jurisdiction." *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006).

In this case, Plaintiff expressly asserts a cause of action for defamation by slander, claiming that the Defendants made false statements about him to other inmates at the CCDC. *See* Amend. Comp. (ECF No. 9). Defamation, however, is a purely *state* tort law cause of action, which does not give rise to federal subject matter jurisdiction under 28 U.S.C. § 1331. *See Estiverne v. Times-Picayune LLC*, 206 F. App'x 323, 325 (5th Cir. 2006) ("[Plaintiff] has not alleged a violation of any right guaranteed by federal law because damage to his reputation is the only injury" alleged in the complaint . . . [and] defamation . . . [is] only actionable under state law."); *see also Faulkner v. Ark. Children's Hosp.*, 69 S.W.3d 393, 402 (Ark. 2002) (describing the elements of defamation whether by spoken work (slander) or written publication (libel)).

To the extent, moreover, that the Court construes Plaintiff's claims as asserting a violation of his constitutional rights under 42 U.S.C. § 1983, "[t]o state a claim under § 1983, a plaintiff

3

must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1983).  Here, Plaintiff has failed to assert any plausible *constitutional* violation.

Plaintiff contends that repeating this lie could have led to him being assaulted (or worse) by other inmates.  *See* (ECF No. 9).  This Court, therefore, considers whether Plaintiff has asserted a plausible claim that the Defendants failed to protect him from harm.  "To prove an unconstitutional failure to protect from harm, [plaintiff] must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) a defendant was deliberately indifferent to the substantial risk of serious harm." *Johnson v. Schurman*, 145 F.4th 897, 903 (8th Cir. 2025) (citations and quotation omitted).

Plaintiff asserts no facts suggesting that any of those inmates had a history of violence or that any had previously attacked inmates who were rumored to be under the influence of drugs.  He asserts no factual matter, moreover, establishing that any of the Defendants *knew* of any facts that would suggest that placing Plaintiff in a housing unit with those inmates posed a substantial risk of harm to Plaintiff, and that they nevertheless disregarded that risk.  Thus, Plaintiff's Amended Complaint—even when liberally construed—fails to assert a plausible constitutional violation for "failure to protect."  Indeed, upon close review of the Amended Complaint, the Court finds that the Amended Complaint fails to assert sufficient facts to establish *any* violation of federal law or the federal constitution over which this Court would have jurisdiction under § 1331.

This Court also has no diversity of citizenship jurisdiction over Plaintiff's state law defamation claim under 28 U.S.C. § 1332.  Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship

among the litigants. See 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). But Plaintiff does not plausibly assert that none of the defendants holds citizenship in the same state in which he holds citizenship. Further, this Court cannot assert supplemental jurisdiction over state law claims where, as here, Plaintiff has failed to assert a plausible violation of federal law. *See Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

Accordingly, Plaintiff's Amended Complaint fails to assert any plausible claim for relief over which this Court has jurisdiction. Plaintiff's Amended Complaint should, therefore, be dismissed without prejudice on that basis.

### IV.     CONCLUSION

Having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, and for the reasons and upon the authorities discussed above, the undersigned **RECOMMENDS** that:

(1) Plaintiff's Amended Complaint (ECF No. 9) be **DISMISSED WITHOUT PREJUDICE** for failure to state a plausible claim for relief over which this Court has jurisdiction; and,

(2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **STATUS OF REFERRAL:** This case is no longer referred.

  DATED this 25th day of August 2025.

               /s/ *Mark E. Ford*
               HON. MARK E. FORD
               UNITED STATES MAGISTRATE JUDGE